UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGEL PETERSON,

    Plaintiff,                                            Case No. 17-cv-11733

vs.                                                         HON. MARK A. GOLDSMITH

ANTHONY STEWARD,
et al.,

    Defendants.
_____/

**OPINION & ORDER**
**(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED JULY 16, 2018 (Dkt. 41), (2) OVERRULING PLAINTIFF ANGEL PETERSON'S OBJECTIONS THERETO (Dkt. 45), (3) GRANTING DEFENDANT TRINITY SERVICES GROUP, INC.'S MOTION TO DISMISS (Dkts. 15, 16), (4) GRANTING DEFENDANTS ARAMARK CORRECTIONAL SERVICES LLC AND RASHEED ANSARI'S MOTION TO DISMISS (Dkt. 21), AND (5) GRANTING DEFENDANTS ANTHONY STEWART, OFFICE OF COMMUNITY CORRECTIONS, AND HEIDI WASHINGTON'S MOTION TO DISMISS (Dkt. 23)**

This matter is presently before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Steven Whalen issued on July 16, 2018 (Dkt. 41). In the R&R, the Magistrate Judge recommends granting Defendant Trinity Services Group, Inc.'s motion to dismiss (Dkts. 15, 16);[1] granting Defendants Aramark Correctional Services LLC and Rasheed Ansari's motion to dismiss (Dkt. 21); granting Defendants Anthony Stewart, Office of Community Corrections ("OCC"), and Heidi Washington's motion to dismiss (Dkt. 23); and dismissing the complaint with prejudice. Peterson timely filed an objection to the R&R (Dkt. 45), and Defendants Trinity and Ansari and Aramark have filed responses (Dkts. 47, 48). For the following reasons, the Court

---

[1] The motion is found at Dkt. 15 and the brief in support at Dkt. 16.

overrules Peterson's objections and adopts the R&R.

## I. BACKGROUND

The factual background surrounding this case has been set forth in the R&R and need not be repeated in full here. In brief summary, Peterson, an inmate at the Huron Valley Women's Facility, alleges two general claims: first, she takes issue with alleged overcrowding at Huron Valley, claiming that it is retaliation for female prisoners' success in a prior class action lawsuit, violates the Equal Protection Clause of the Fourteenth Amendment (vis-à-vis male prisoners), and violates Eighth Amendment's prohibition on cruel and unusual punishment; second, she argues that the wages that Aramark pays female prisoners at Huron Valley violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and Michigan law.

## II. STANDARD OF REVIEW

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). Any arguments made for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013).

## III. ANALYSIS

Peterson raises a number of issues in her objections. The Court will address each in turn.

### 1. Standard of Review

First, Peterson objects to "the Magistrate Judges description of the delineation of the lead cases characteristics and qualities." Pl. Obj. at 4, PageID.371. Essentially, she takes issue with

the standard of review set forth by Magistrate Judge Whalen, stating that it "does not touch on how the decisions in Ashcroft and Twombly was [sic] reached." Id. at 4-5, PageID.371-372.[2] But "the plausibility pleading standard set forth in Twombly and Iqbal" is properly used in cases involving a 12(b)(6) motion to dismiss, Han v. Univ. of Dayton, 541 F. App'x 622, 626 (6th Cir. 2013), and Peterson offers no reason that it was improper here. The mere fact that the underlying factual situations in Twombly and Iqbal differ from the instant case does not mean that the standard for a 12(b)(6) motion outlined in those cases does not apply.

**2. Aramark and Ansari**

Next, Peterson objects to the Magistrate Judge's conclusions regarding Defendants Aramark and Ansari. Pl. Obj. at 7, PageID.374. She claims that Magistrate Judge Whalen "erroneously asserted that the DOC referred to in MCL § 800.326 is the MDOC," and also contends that the cases he relied upon are no longer "good law." Id. Finally, she disputes the Magistrate Judge's finding that boot camp participants are not under the jurisdiction of the MDOC.

Mich. Comp. Laws § 800.326(4) provides, in relevant part, that "[i]nmates assigned by the department of corrections for the production of goods or services that are solely used within a correctional facility or institution that houses a prison population under the jurisdiction of the department of corrections are not subject to the prevailing or minimum wage." Peterson claims that the "DOC" referred to in this statute is not the MDOC; "MDOC is one of many administrative entities within the State DOC" and the "County Jail is also included within the DOC." Pl. Obj. at 7, PageID.374. It is unclear why Peterson believes that this interpretation – for which she offers

---

[2] Peterson also states that Defendants "could have waived their right to reply," citing 42 U.S.C. § 1997e(g)(1), then states that they "subjected the Plaintiff to a waist [sic] of time answering defective motions." Pl. Obj. at 6, PageID.373. She does not explain why the motions are defective, nor does she explain why the fact that Defendants could have chosen not to reply to her complaint is relevant where they did not so choose.

no authority – would entitle her to relief; if anything, it seems it would only enlarge the number of individuals whose work was not subject to the minimum wage.

As to Peterson's argument that the case law relief upon by Magistrate Judge Whalen is no longer good law, she again offers no authority to support her argument. She simply claims that the underlying facts in her complaint are different than those in the cases cited, but does not explain <u>why</u> "there is something unique about this case that makes it different from the ones previously review [sic] concerning minimum wage for prisoners." <u>Id.</u> She acknowledges that prisoners are normally not entitled to minimum wage, but then attempts to distinguish her case by arguing that for-profit companies, unlike state-owned facilities, "should not be allowed to exploit workers for unjust enrichment." <u>Id.</u> at 8, PageID.375. But, as the R&R noted, the Sixth Circuit in <u>Abdullah v. Myers</u>, No. 94-5782, 1995 WL 222187 (6th Cir. Apr. 13, 1995) (Table), stated that prisoners are not employees entitled to minimum wage, even though the plaintiff in that case was incarcerated at a facility managed by a private contractor. Peterson has failed to show why her case is distinguishable from the cases upon which the R&R relied.[3]

Peterson next states that the magistrate judge erred by stating that she had cited no authority for the proposition that boot camp participants were not under the jurisdiction of the MDOC. Pl. Obj. at 8, PageID.375. She points to Mich. Comp. Laws §§ 769.28, 45.16, and 51.75, which concern Michigan county jails, and says that "[t]he word 'prisoner' is used interchangeably for one housed in the county jail or MDOC." <u>Id.</u> at 9, PageID.376. It is unclear what Peterson means by this argument – as Magistrate Judge Whalen noted in the R&R, Mich. Comp. Laws § 800.326(4) does not require that the correctional facility or institution house <u>only</u> a population of prisoners

---

[3] Peterson also states that the Magistrate Judge did not "correctly test M.C.L. § 800.326." Pl. Obj. at 8, PageID.376. It is unclear what Peterson's contention is here, as she did not challenge the validity of the statute.

4

under the jurisdiction of the department of corrections; rather, it says that the goods or services must be <u>used</u> <u>solely</u> in a facility that houses a prison population. Therefore, it matters not whether boot camp participants are under the jurisdiction of the MDOC, as "there is nothing in the statute that limits its application to correctional institutions that are comprised 'solely of a prisoner population.'" R&R at 8, PageID.354. Peterson does not take issue with the magistrate judge's conclusion that her services – food preparation – were rendered only within the WHV facility and that she did not provide services to the outside world. <u>See</u> <u>id.</u>

Accordingly, Peterson's objections regarding Aramark and Ansari are overruled.[4]

### 3. State Defendants

Finally, Peterson takes issue with the Magistrate Judge's conclusions regarding Defendants Stewart, Washington, and the OCC. She argues that she referred to the State Defendants on "two additional separate instances in the original complaint," Pl. Obj. at 9, PageID.376; presumably the "additional" refers to the magistrate judge's statement that the only factual allegation regarding Stewart appears on PageID.8, and the only factual allegation regarding Washington appears on PageID.7, <u>see</u> R&R at 11, PageID.357.

Peterson does state in her complaint that "[t]he Defendant's [sic] willfully chose to allow WHV to become and remain overcrowded." Compl. at PageID.9 (Dkt. 1).[5] This is not sufficient

---

[4] Peterson notes that in the R&R, Magistrate Judge Whalen found that Trinity was subject to dismissal for the same reasons as Aramark and Ansari. She does not object to this finding, but simply states that if her objections regarding Aramark and Ansari are sustained, Trinity should not be dismissed. Pl. Obj. at 9, PageID.376. The Court has determined that Peterson's objections regarding Aramark and Ansari should be overruled, and there is, therefore, no reason not to dismiss the claims against Trinity as well.

[5] Peterson also points out that she made a second allegation, regarding the OCC, which was not identified by the magistrate judge: "The decline in male inmates did not occur naturally but with the help of MDOC policy decisions by the Director of MDOC and the Governor, and the OCC." Pl. Obj. at 9-10, PageID.376-377 (citing Compl. at 5, PageID.13). However, Magistrate Judge

to put Stewart and Washington – as opposed to the other four Defendants in this case – on notice of the allegations against them. See Cameron v. Howes, No. 10-539, 2010 WL 3885271, at *6 (W.D. Mich. Sept. 28, 2010) ("It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.") (emphasis added). Even if the Court were to construe this statement, as Peterson requests, to refer to Stewart and Washington, Peterson still does not "plead[] factual content that allows the court to draw the reasonable inference that [Stewart and Washington are] liable for the misconduct alleged." Iqbal, 556 U.S. at 678. She does not allege any facts, rather than conclusions, that show that Stewart and Washington are responsible for the alleged overcrowding.

Peterson states that she would like to expound upon her allegation that "Defendant's willfully chose to allow WHV to become and remain over-crowded," then alleges certain actions taken by Warden Anthony Stewart that led to over-crowding. Pl. Obj. at 10-11, PageID.377-378. This is not the appropriate time for Peterson to raise these factual allegations – this is not an objection to the R&R, but essentially a request to amend her complaint. Peterson cannot raise an argument for the first time in an objection to the R&R. Uduko, 975 F. Supp. 2d at 757. Her objection is overruled.

Peterson also objects to the magistrate judge's statement that she had not "plausibly established that the inmate housing at WHV is so high to establish over-crowding." Pl. Obj. at 10, PageID.377. She notes that another case pending in this district concerns over-crowding, and asks

---

Whalen did not recommend dismissing the OCC because Peterson made no plausible factual claims against it; instead, he recommended dismissal because Peterson did not state a plausible claim for equal protection or retaliation, and the OCC is immune under the Eleventh Amendment. This allegation also mentions Washington – the Director of the MDOC – although not by name. However, like the other allegations that mention Washington, there is insufficient factual matter pled to show "more than a sheer possibility that [Washington] has acted unlawfully." Iqbal, 556 U.S. at 678.

for a joinder of claims under Federal Rule of Civil Procedure 20(a). The magistrate judge did not state that Peterson failed to sufficiently allege over-crowding; rather, he stated that she did not plausibly establish "that the inmate housing levels at Huron Valley are so high as to constitute an adverse action that would deter a person of ordinary firmness from suing the MDOC." R&R at 13, PageID.359. Further, an objection to an R&R is not the appropriate time to propose joinder of other parties under the Federal Rules.

Lastly, Peterson argues that the R&R never states whether Stewart and Washington are liable in their individual capacities. Pl. Obj. at 11, PageID.378. Not so; the magistrate judge stated that Stewart and Washington were subject to dismissal because Peterson did not make any plausible factual claims against them. R&R at 11, PageID.357.

## IV. CONCLUSION

For the reasons stated, the Court adopts the Report and Recommendation issued July 16, 2018 (Dkt. 41); rejects Peterson's objections thereto (Dkt. 45); grants Defendant Trinity Services Group, Inc.'s, Defendants Aramark Correctional Services LLC and Rasheed Ansari's, and Defendants Anthony Stewart, OCC, and Heidi Washington's motions to dismiss (Dkts. 15, 16, 21, 23); and dismisses the complaint with prejudice.

SO ORDERED.

Dated: September 12, 2018            s/Mark A. Goldsmith
    Detroit, Michigan            MARK A. GOLDSMITH
                                                United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 12, 2018.

                                                        s/Karri Sandusky
                                                        Case Manager