UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| ANGEL PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-cv-11733 |
| | ) | |
| v. | ) | |
| | ) | Hon. Mark A. Goldsmith |
| ANTHONY STEWARD, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANT TRINITY SERVICES GROUP'S RESPONSE
TO PLAINTIFF'S UNSWORN DECLARATION IN
<u>SUPPORT OF MOTION FOR *NUNC PRO TUNC* ORDER</u>**

Bradford S. Moyer (P51481)
PLUNKETT COONEY
950 Trade Centre Way, Ste 310
Kalamazoo, MI 49002
(269) 382-5935

1

## CONTROLLING AUTHORITIES

Fed. R. App. P. 4(a)(1)(A)

Fed. R. App. P. 4(c)(1)(A)

Fed. R. App. P. 4 25(a)(2)(A)(iii)

28 U.S.C. § 1746

28 U.S.C. § 2107(a)

Defendant Trinity Services Group, Inc. ("Trinity"), by counsel, respectfully submits its Response to Plaintiff's Unsworn Declaration pursuant to 28 U.S.C. § 1706 in support of her Motion for *Nunc Pro Tunc* Order to Correct Filing Date Entered by Clerk of the Court for Notice of Appeal.

## I.   INTRODUCTION AND PROCEDURAL BACKGROUND

On September 12, 2018, the Court granted Defendant Trinity's Motion to Dismiss against Plaintiff, dismissed her complaint against Trinity with prejudice (Dkt. #49), and entered Judgment against Plaintiff and in favor of Trinity and other Defendants (Dkt. #50). Any appeal of the Order or Judgment was due by October 12, 2018, pursuant to 28 U.S.C. § 2107(a) and Fed. R. App. P. 4(a)(1)(A).

The Court of Appeals for the Sixth Circuit determined that Plaintiff did not place her notice of appeal in the prison mail until October 25, 2018, or file her appeal with the Court until November 2, 2018. Accordingly, the Court held that the appeal was untimely, and was dismissed (Dkt. #57). Plaintiff subsequently filed a Motion for *Nunc Pro Tunc* Order to Correct Filing Date Entered by Clerk of the Court for Notice of Appeal ("Motion") (Dkt. #58). Therein Plaintiff contends that on October 12, 2018 she "filed a timely notice of appeal and a $375.00 filing fee" (Dkt. #58, PageID.430). Plaintiff acknowledges that in connection with her notice she submitted a filing fee in

3

the wrong amount ($375), and did not submit the proper filing fee ($505) until October 31, 2018 (Dkt. #58, PageID.430). Plaintiff then claims that the clerk declined to "'file' the notice of appeal until he received the total $505.00 fee," by which time the 30-day period for appeal had expired.

This Court subsequently allowed Plaintiff to file an unsworn declaration in compliance with 28 U.S.C. §1746 in support of her Motion (Dkt. #60). Therein, Plaintiff states that any notice of appeal was due to be filed by October 15, 2018 – not October 12, 2018 – pursuant to Fed. R. Civ. P 6(d), yet claims that on October 12, 2018 "using the prisons [sic] legal mail system [she] mailed five copies of a notice of appeal with a $375.00 filing fee to United States District Court in case #17-cv-11733 (Dkt. #60, PageID.441).

## II.     ARGUMENT

**A.     Plaintiff's Declaration is Insufficient.**

Federal Rules of Appellate Procedure 4(c) and 25(a)(2)(A)(iii) both deem timely a notice of appeal by an inmate if certain conditions are satisfied. Rule 4(c), the so-called "prison mailbox rule" states as follows:

> **(c) Appeal by an Inmate Confined in an Institution.**
>> **(1)** If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:

4

    **(A)** it is accompanied by:

        **(i)** a declaration in compliance with 28 U.S.C. § 1746 – or a notarized statement – setting out the date of deposit and stating that first-class postage is being prepaid; or

        **(ii)** evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or

    **(B)** the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i).

Plaintiff's "declaration" here, however, fails to satisfy the specific requirements of the Rule. Specifically, she does not aver under penalty of perjury that she deposited her notice of appeal in the institution's internal mail system, or that she physically delivered or gave her notice to prison officials for mailing on or before October 12th.[1] Rather, Plaintiff simply states that she "***mailed five copies of a notice of appeal***" to this Court on that date, without any details or confirmation that she in fact used the prison's "system designed for legal mail" to receive the benefit of this rule. She otherwise has not provided evidence such as a postmark or a date stamp, or a notarized statement, as recognized by the Rules to verify this. Notably, the rule only applies if the inmate actually places the notice directly in the prison mail

---

[1] Given the format and order of Plaintiff's declaration placing the "foregoing" at the outset of her statement, as a technical matter Plaintiff has not properly attested under penalty of perjury that the subsequent statements made in her declaration are true and correct pursuant to 28 U.S.C § 1746, effectively attesting only to the veracity of the title of her filing.

system herself. If she gives it to an inmate law clerk or anyone other than a prison official or someone acting on behalf of a prison official, to be placed in the mail, she does not get the benefit of this generous rule. *Redd v. Gilless*, 857 F.Supp. 601, 605 (W.D. Tenn. 1994).

There otherwise is no proof of any kind that this alleged mailing in fact occurred as described. To the contrary, despite Plaintiff's broad statement about using the prison mail system, Plaintiff's only notice of appeal was dated **October 25, 2018** (Dkt. #51, PageID.416) and the postmark likewise is dated **October 26, 2018** (Dkt. #51, PageID.417).[2] Plaintiff's declaration accompanying the appellate notice unquestionably states that she deposited the filing in the institution's internal mail system on **October 25, 2018** (Dkt. #51, PageID.416). The Sixth Circuit likewise held that Plaintiff's notice of appeal was placed in the prison mail on **October 25, 2018**, and was not filed in this Court until November 2, 2018 (Dkt. #57). There otherwise is no proof of any kind that this alleged mailing in fact occurred as described, contrary to the overwhelming documentary evidence present in this case.

---

[2] Neither Trinity nor its counsel were served by Plaintiff with respect to any notice of appeal, instead only later receiving notification later through the Court's e-filing system.

6

## B.     <u>**Plaintiff's Declaration is Inconsistent with the Filings in this Action.**</u>

Plaintiff's statements, even if properly stated and accepted, are otherwise unsubstantiated and belied by the filings themselves. Plaintiff has not provided any corroboration evidencing that she filed a proper notice of appeal on October 12, 2018, or that anything else was timely filed on that date in connection with any appeal. Again, to the contrary Plaintiff's first "filing" of any notice of appeal was dated October 25, 2018 (Dkt. #51), more than two weeks later, and was not filed with the Court until November 2, 2018 (Dkt. #52), three weeks later. This was without an appropriate filing fee paid until November 6, 2018 (Dkt. #53). And the appeal was not docketed by the Sixth Circuit until November 7, 2018. There simply is nothing supporting any departure from the filings, which overwhelmingly demonstrate that any notice allegedly filed by Plaintiff was untimely.

Similarly, Plaintiff's only notice of appeal itself was dated October 25, 2018 (Dkt. #51, PageID.416) and the postmark likewise is dated October 26, 2018 (Dkt. #51, PageID.417).[3] Plaintiff's declaration accompanying the appellate notice plainly states that she deposited it in the institution's internal mail system on October 25, 2018 (Dkt. #51, PageID.416). The Sixth Circuit

---

[3] Neither Trinity nor its counsel were served by Plaintiff with respect to any notice of appeal, instead only later receiving notification later through the Court's e-filing system.

7

likewise held that Plaintiff's notice of appeal was placed in the prison mail on October 25, 2018, and was not filed in this Court until November 2, 2018 (Dkt. #57). The overwhelming documentary evidence undermines any imputed veracity given to any statement regarding the timing of the mailing of notice.

**C.      *Parissi* is Inapplicable to Plaintiff's Claim and Position.**

Beyond this, Plaintiff's reliance on *Parissi v. Telechron, Inc.*, 349 U.S. 46 (1955) is misplaced. The Court in *Parissi* addressed the scenario where a clerk timely receives an inmate's notice of appeal but not the appropriate filing fee, and subsequently declines to file the appeal until the fee is received, resulting in an untimely appeal. The Court concluded that in this instance, the clerk's timely receipt notice of appeal without the proper fee did not vitiate the validity of the notice or render it untimely.

In the instant matter, there is no evidence or affirmation that the clerk delayed filing of Plaintiff's notice of appeal given lack of receipt of the proper filing fee. To the contrary, the notice was filed, albeit untimely, with acknowledgment of the proper filing fee filed later. Where, as here, the issue is with the deficiency and untimeliness of the filing of the notice itself, and not the delay in filing due to lack of a filing fee, relief is not supported under *Parissi*. Consequently, *Parissi* offers no support for Plaintiff's position.

WHEREFORE, Trinity Services Group, Inc. respectfully requests that this Honorable Court deny Plaintiff's Motion for *Nunc Pro Tunc* Order to Correct Filing Date Entered by Clerk (Dkt. #58), together with any such other or further relief as the Court deems just and proper.

                                            Respectfully submitted,

Dated: May 7, 2019             /s/ Bradford S. Moyer
                                        Bradford S. Moyer (P51481)
                                        PLUNKETT COONEY
                                        950 Trade Centre Way, Ste 310
                                        Kalamazoo, MI 49002
                                        (269) 382-5935

                                        *Attorneys for Trinity Services Group, Inc.*

## **PROOF OF SERVICE**

I hereby certify that on May 7, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing as well as via US Mail to all non-ECF participants.

                                    */s/ Bradford S. Moyer*
                                    Bradford S. Moyer  (P51481)

Open.27118.73922.22089823-1