UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGEL PETERSON,

    Plaintiff,                                  Case No. 17-cv-11733

vs.                                               HON. MARK A. GOLDSMITH

ANTHONY STEWARD, et al.,

    Defendants.

_____/

## OPINION & ORDER
## GRANTING PLAINTIFF'S MOTION FOR NUNC PRO TUNC ORDER

This matter is before the Court on Plaintiff Angel Peterson's motion for a nunc pro tunc order to correct the filing date for her notice of appeal (Dkt. 58). This Court entered an opinion and order dismissing Peterson's case, and judgment in accordance therewith, on September 12, 2018 (Dkts. 49, 50). The docket reflects that Peterson filed a notice of appeal on November 2, 2018 (Dkt. 51); because the notice of appeal was not filed within thirty days after the judgment was entered, the Sixth Circuit dismissed the appeal as untimely. See 12/11/2018 Order (Dkt. 57). Peterson now asks this Court to correct the filing date.

Peterson claims to have timely filed her notice of appeal with a $375.00 filing fee on October 12, 2018. 4/22/2019 Peterson Decl. ¶ 3 (Dkt. 61). The Court confirmed with the Eastern District of Michigan's Financial Department that, on October 18, 2018, it received a $375.00 check from Peterson (sent from the State of Michigan), which was dated October 15, 2018. Because this was not the correct amount for an appeal, the check – and any materials that may have been

submitted along with it – was returned to Peterson.[1] On October 25, 2018, Peterson mailed a letter to the Court Reporter, requesting that he transmit the record to the Court of Appeals. This letter was received by the Clerk's Office on November 2, 2018 and was docketed (incorrectly) as a notice of appeal (Dkt. 51). Peterson then mailed another notice of appeal on October 31, 2018, where she stated that she was "re-depositing the timely 'Notice of Appeal' of October 12, 2018 and the $505.00 filing fee[.]" Notice of Appeal (Dkt. 54). This notice was docketed on November 6, 2018, along with the $505.00 filing fee. The Sixth Circuit held that the "notice of appeal placed in the prison mail on October 25, 2018 and filed in the district court on November 2, 2018, is late." 12/11/2018 Order at 1.

Peterson argues that her notice of appeal was timely filed because she mailed it on October 12, 2018, regardless of whether she paid the correct amount for the filing fee at that time. For support, she cites to Parissi v. Telechron, Inc., 349 U.S. 46, 47 (1955), where the Supreme Court held that "the Clerk's receipt of the notice of appeal within the 30-day period satisfied the requirements of § 2107, and that untimely payment of the [$5 fee required by 28 U.S.C. § 1917] did not vitiate the validity of petitioner's notice of appeal." The Sixth Circuit has also explained that "[w]here a notice of appeal is physically placed in the hands of the clerk's office within the prescribed time limit for filing, but the fee is not paid and filing does not take place until the limit expires, the notice may be treated as timely." Searcy v. City of Dayton, 38 F.3d 282, 288 (6th Cir. 1994) (quoting Gee v. Tenneco, Inc., 615 F.2d 857, 859 (9th Cir. 1980)); see also Powers v. Citizens Union Nat. Bank & Trust Co., 329 F.2d 507 (6th Cir. 1964) ("The Clerk of the District

---

[1] The Financial Department informed the Court that its policy is to return a check with an insufficient filing fee, along with any filing that accompanied the check, to the sender. As such, there is no record of Peterson's alleged October 12, 2018 filing with the Court. The Financial Department could confirm that Peterson sent in a $375.00 check, however, because it keeps a record of checks that are returned in the mail.

2

Court acted properly in not marking the Notice of Appeal as 'Filed' until he received payment of the $5.00 filing fee. However, we are of the opinion that the failure to pay the filing fee within the thirty-day period does not impair the validity of the Notice of Appeal, which was timely tendered to the Clerk, and that the Notice of Appeal was accordingly timely filed.").

Thus, it appears that the notice of appeal should have been docketed and considered timely, regardless of whether the filing fee was paid in full. However, Defendant Trinity Services Group contends that Peterson's filing does not satisfy the prison mailbox rule, and therefore should not be considered timely. See Def. Trinity Resp. at 4 (Dkt. 63).

The "prison mailbox rule" provides that if a prisoner is confined at an institution that has a system designed for legal mail, and the inmate uses that system to mail a notice of appeal, "the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:

> (A) it is accompanied by:
>
>> (i) a declaration in compliance with 28 U.S.C. § 1746 – or a notarized statement – setting out the date of deposit and stating that first-class postage is being prepaid; or
>>
>> (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or
>
> (B) the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i).

Fed. R. App. P. 4(c)(1); see also Houston v. Lack, 487 U.S. 266, 276 (1988) (explaining that a pro se prisoner's notice of appeal is deemed "filed at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk"). Peterson necessarily relies on the prison mailbox rule to support her contention of timely filing, as she says that she mailed her notice of appeal on October 12, 2018 – the last day to timely file.

3

Because the Court does not have Peterson's notice of appeal that was allegedly filed on October 12, 2018, it cannot determine whether that filing complied with the prison mailbox rule. However, Peterson has stated, in a declaration in compliance with 28 U.S.C. § 1746, that she mailed five copies of the notice of appeal on October 12, 2018. 4/22/2019 Peterson Decl. ¶ 3. The declaration also states that she provided pre-paid postage to mail out the notices of appeal and filing fee. Id. ¶ 4. These statements comport with Peterson's statement in her October 31, 2018 notice of appeal that she was re-sending the notice, and the Financial Department's receipt of a check from the State of Michigan on October 18, 2018, which was dated October 15, 2018. October 12, 2018 was a Friday, and it is reasonable that the Michigan Department of Corrections would not have sent out the check until the following Monday, October 15. Because the Court's inability to examine Peterson's original filing is no fault of Peterson's, and because her later declaration establishes that she complied with the terms of the prison mailbox rule, the Court finds that her original notice of appeal was timely filed.

Defendants raise minor issues with Peterson's April 2019 declaration – for example, contending that she did not aver that she used the prison's legal mail system. Def. Trinity Resp. at 4. Peterson declared that "[o]n October 12, 2018 I, the prisoner Angel Peterson, confined in an institution using the prisons legal mail system mailed five copies of a notice of appeal . . . ." 4/22/2019 Peterson Decl. ¶ 3. The Court reads this to mean that Peterson, using the prison's system designed for legal mail, mailed her copies of the notice of appeal – not that she is confined in an institution that uses a prison legal mail system. Defendants also quibble that Peterson declared "that the foregoing is true and correct" at the beginning of her unsworn declaration rather than at the end. Def. Trinity Resp. at 5 n.1; Defs. Ansari and Aramark Resp. at 2 (Dkt. 62). Peterson's misunderstanding as to where on the declaration her statement pursuant to 28 U.S.C. § 1746 should

4

be located is no reason to disregard her statements.  See Smotherman v. United States, 838 F.3d 736, 739 (6th Cir. 2016) ("To read a pro se document so strictly as to dismiss an appeal merely because a technical filing requirement like a required declaration appeared above the wrong page number, or under the wrong header, would defy the dictates of law.").

Accordingly, the Court grants Peterson's motion.  In so doing, the Court acknowledges that the Sixth Circuit has already dismissed Peterson's appeal as untimely and this Court has no power to change that determination.  The docket shall reflect that Peterson filed her notice of appeal on October 12, 2018, and it was received by the Court on October 18, 2018.  Should Peterson wish to challenge the dismissal of her appeal in light of this Court's ruling, she must raise that issue with the Sixth Circuit.

SO ORDERED.

Dated: July 16, 2019               s/Mark A. Goldsmith
 Detroit, Michigan                 MARK A. GOLDSMITH
                                   United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 16, 2019.

                                   s/Karri Sandusky
                                   Case Manager